**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAYSON BECK and NANCY BECK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

OCWEN LOAN SERVICES, LLC,

Defendant.

Case No. CV 13-06853 DDP (PJWx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IN PART**

[Dkt. No. 26]

Presently before the court is Defendant Ocwen Loan Services, LLC ("Ocwen")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion in part, denies the motion in part, and adopts the following order.

**I. Background**

In 2004, Plaintiffs Jayson and Nancy Beck ("the Becks") obtained a home mortgage, which was serviced by Defendant. (First Amended Complaint ("FAC") ¶ 6. Plaintiffs Reynaldo and Nerissa Alcalde ("the Alcaldes") obtained a home mortgage, also serviced by Ocwen, in 2006. (FAC ¶ 7.) The Becks requested a loan

modification in 2012, and received a trial plan modification offer on January 11, 2013. (Id. ¶ 44.) The Becks allege that they accepted the offer on January 14 by returning a signed copy to Defendant, along with proof of insurance coverage, and by making the required initial payment on February 1. (Id. ¶ 45.) The Becks made the second payment contemplated by the agreement on March 1, 2013. (Id. ¶ 48). Nevertheless, on March 14, 2013, the Becks received notice that Ocwen had sold the Becks' property at a trustee's sale. (Id. ¶ 50.) Ocwen continued, however, to accept trial mortgage modification payments through April 1, 2013.

The Alcaldes do not appear to be related to the Becks in any way. The Alcaldes applied for a loan modification in July 2013. (FAC ¶ 58.) The FAC alleges that Defendant's representative told the Alcaldes that late fees, presumably related to late mortgage payments, would still be charged while the Alcaldes' modification application was pending. (FAC ¶ 59.)

The First Amended Complaint alleges causes of action for (1) violation of the California Homeowner Bill of Rights' ("HBOR") dual-tracking provision, California Civil Code § 2924.11(b); (2) illegal collection of late fees in violation of HBOR, California Civil Code § 2924.11(f); (3) breach of contract; and (4) unfair competition in violation of California Business & Professions Code § 17200. Defendant now moves to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Dual Tracking

California Civil Code § 2924.11 forbids a mortgage servicer from recording a notice of default under certain circumstances. If a foreclosure prevention alternative has been approved in writing

after the recordation of a notice of default, a mortgage servicer may not then record a notice of trustee's sale or conduct a trustee's sale if "(1) the borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance or repayment plan[,]" [or] (2) [a] foreclosure prevention alternative has been approved in writing by all parties . . . ." Cal. Civil Code § 2924.11(b).

The FAC does not allege that a notice of default was recorded on the Alcaldes' home, nor that Defendant conducted a trustee's sale. The First Cause of Action is therefore dismissed as to them. As for the Becks, the FAC alleges that they accepted Defendant's loan modification offer on January 14, 2013, but that Defendant nevertheless conducted a trustee's sale in March, in violation of Section 2924.11(b).

Section 2924.11(b) only applies where "a foreclosure prevention alternative is approved in writing . . . ." Cal. Civil Code § 2924.11(b). Defendant contends that, even accepting the allegations of the FAC as true, the Becks' loan modification was never approved. (Reply at 4.) The Becks argue that the agreement was approved in writing because it states "Ocwen . . . is offering you this Loan Modification Agreement . . . ." (Opposition at 9; FAC EX. A at 2.) The offer also states, however, "If ALL of the items above are not completed by the Due Date, which includes the receipt of an executed counterpart to the Agreement signed by all parties, the Agreement will have no force or effect and the original terms of your note will apply." (FAC, Ex. A at 1.) The FAC does not allege that Defendant signed a counterpart to the

Agreement submitted by the Becks. Their dual tracking claim is dismissed, with leave to amend.

B. Late Fees

California Civil Code § 2924.11(f) prohibits the collection of late fees while a loan modification application is under consideration, a borrower is making payments on a modification, or some other foreclosure alternative is being evaluated. Defendant argues that the FAC does not adequately allege that Ocwen actually collected any late fees. The court agrees. Though the second cause of action does state that the Becks and Alcaldes paid late fees, those allegations are at odds with other allegations in the FAC. Plaintiffs' opposition relies primarily on those other allegations, which do not allege that Ocwen collected late fees. The Becks' factual allegations only describe three trial modification payments, not any payment of late fees. (FAC ¶¶ 45-53.) That the proposed modification agreement stated that "late fees may be charged . . . pursuant to the original terms of your Note" cannot establish that Ocwen actually collected such fees. (Reply at 10, FAC Ex. A at 3.)

Similarly, with respect to the Alcaldes, the conclusory allegation in the second cause of action are inconsistent with the remainder of the FAC, which does not allege that the Alcaldes paid any money to Ocwen at any point. (FAC ¶¶ 58-59.) That an Ocwen representative told the Alcaldes "it is Ocwen's business practice to continue to charge late fees . . ." does not serve as an allegation that any such fees were ever collected. (FAC ¶ 59.) The Second Cause of Action is dismissed, with leave to amend.

C. Breach of Contract

A breach of contract claim requires allegations of (1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). Defendant's primary contention is that a contract was never formed because Defendant never countersigned the modification agreement. Plaintiffs respond that the Ninth Circuit has held that similar agreements, including similar countersigning provisions and similar failures to countersign, are enforceable. See Corvello v. Wells Fargo Bank, NA, 728 F.3d 878 (9th Cir. 2013).

Notably, however, Corvello and every other case cited by Plaintiffs with respect to this issue addressed Trial Payment Plan agreements pursuant the United States Treasury's Home Affordable Modification Program ("HAMP"). HAMP modifications are governed by Treasury Directive 09-01, which mandates certain terms in HAMP Trial Payment Plans. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 556-557 (7th Cir. 2012). Plaintiffs here do not allege that they applied for a HAMP modification.

For its part, Defendant cites but a single post-Corvello case dismissing a breach of contract claim in the loan modification context. In Morgan v. Aurora Loan Services, LLC, the district court distinguished the non-HAMP modification agreement at issue by noting that it, unlike HAMP agreements, "expressly disclaimed any promise of a permanent modification." Morgan v. Aurora Loan Services, LLC, No. CV 12-4350-CAS, 2013 WL 5539392 at *3-4 (C.D. Cal. Oct. 7, 2013). Defendant does not contend, however, nor does it appear to the court, that the agreement at issue here contains any such disclaimer. Barring a more complete discussion of the

applicability of Corvell in a non-HAMP setting, the court is not prepared to dismiss the Becks' breach of contract claim. Defendant's motion is therefore denied with respect to the third cause of action, without prejudice.[1]

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Defendant's motion is denied without prejudice with respect to the third cause of action and fourth cause of action, insofar as it relates to the Becks.[2] Plaintiffs' HBOR claims are dismissed, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: February 6, 2015

DEAN D. PREGERSON
United States District Judge

[1] Plaintiffs' claim under California Business & Professions Code § 17200 therefore also survives.

[2] While Plaintiffs are free to amend the FAC as they see fit, the court notes some doubt regarding the conglomeration of the Becks' and Alcaldes' claims. This Order's discussion of those claims should not be read to suggest that the FAC comports with Federal Rule of Civil Procedure 20. See Pardon v. Onewest Bank, No. 14-cv-1340 ODW, 2014 WL 1364901 at *4 (C.D. Cal. Apr. 7, 2014); Napolean Banks v. GMAC Mortgage Corp., No. CV 04-2477 LGB, 2004 WL 7087624 at *7 (C.D. Cal. Sept. 16, 2004).