1  VINCENT D. HOWARD (S.B. #232478)
   vhoward@howardlawpc.com
2  GREGORY H. D. ALUMIT (S.B. #257124)
   galumit@howardlawpc.com
3  HOWARD LAW, PC
4  675 Anton Boulevard, First Floor
   Costa Mesa, CA 92626
5  Telephone: (800) 872-5925
   Facsimile: (888) 533-7310
6

7  Attorneys for Plaintiffs [Additional Counsel listed on
   Signature Page]
8

9  SABRINA H. STRONG (S.B. #200292)
   sstrong@omm.com
10 ELIZABETH L. MCKEEN (S.B. #216690)
   emckeen@omm.com
11 DANIELLE N. OAKLEY (S.B. #246295)
   doakley@omm.com
12 ASHLEY M. PAVEL (S.B. #267514)
   apavel@omm.com
13 O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
14 Newport Beach, CA 92660-6429
   Telephone: (949) 760-9600
15 Facsimile: (949) 823-6994

16 Attorneys for Defendant Ocwen Loan Servicing, LLC

17            **IN THE UNITED STATES DISTRICT COURT**
18          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19

20 JAYSON BECK and NANCY BECK,          Case No. 2:13-cv-06853-
   individually and on behalf of all      DDP(PJWx)
21 others similarly situated,

22                  Plaintiffs,          **STIPULATION AND
                                         PROTECTIVE ORDER**
23       vs.
                                         Judge:  Dean D. Pregerson
24 OCWEN LOAN SERVICING, LLC,           Ctrm:   3
   and DOES 1-10, inclusive,
25                                       Complaint Filed: January 29, 2014
                   Defendants.           Trial Date: Not set yet
26

27

28

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

1  parties are permitted reasonably necessary uses of such material in preparation for

2  and in the conduct of trial, to address their handling at the end of the litigation, and

3  to serve the ends of justice, a protective order for such information is justified in

4  this Action.  It is the intent of the parties that information will not be designated as

5  confidential for tactical reasons and that nothing be so designated without a good

6  faith belief that it has been maintained in a confidential, non-public manner, and

7  there is good cause why it should not be part of the public record of this case.

8  2.    DEFINITIONS

9      2.1.    Action: this pending federal lawsuit, entitled *Beck et al. v. Ocwen*

10  *Loan Servicing, LLC*, Case No. 2:13-cv-06853-DDP-PJW.

11      2.2.    Challenging Party: a Party or Non-Party that challenges the

12  designation of information or items under this Order.

13      2.3.    "CONFIDENTIAL" Information or Items: information or tangible

14  things (i) which is/are produced to a Party to the Action pursuant to any discovery

15  method allowed under statute, rule, or case law; and (ii) which is/are designated as

16  confidential pursuant to this Protective Order.  Confidential Information or Items

17  shall include information and tangible things that the Designating Party reasonably

18  and in good faith believes contains confidential, proprietary, and/or private personal

19  information subject to protection under Fed. R. Civ. P. 26(c) and 15 U.S.C. § 6802,

20  including, without limitation, business secrets, trade secrets, confidential and/or

21  proprietary business records information, competitively or technically sensitive

22  information, personal financial information, account information, social security

23  numbers, or other nonpublic personally identifiable information.  Confidential

24  Information or Items also includes (i) any information copied or extracted from

25  information designated Confidential; (ii) all copies, excerpts, summaries, or

26  compilations of Confidential Information or Items; and (iii) any testimony,

27  conversations, or presentations by the Parties or their counsel that might reveal

28  Confidential Information or Items.  Confidential Information or Items shall not

include any information (i) which is in the possession of the Receiving Party (as defined below), provided that the source of the information was not bound by a contractual, legal, or fiduciary obligation of confidentiality, or which is publicly known or available prior to its production through discovery in the Action; or (ii) which the Receiving Party obtains from a source other than the Producing Party (as defined below), provided that the source of the information was not bound by a contractual, legal, or fiduciary obligation of confidentiality, or otherwise becomes publicly available, without any violation of this Protective Order by the Receiving Party.

2.4.   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7.   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10.  Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:13-cv-06853-DDP-PJW

have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of a Party to this action, including all support staff.

2.11.  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

- 4 -

1   otherwise in writing or a court order otherwise directs.  Final disposition shall be
2   deemed to be the later of (1) dismissal of all claims and defenses in this Action,
3   with or without prejudice; and (2) final judgment herein after the completion and
4   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
5   including the time limits for filing any motions or applications for extension of time
6   pursuant to applicable law.

7   5.      DESIGNATING PROTECTED MATERIAL

8           5.1.   Exercise of Restraint and Care in Designating Material for Protection.
9   Each Party or Non-Party that designates information or items for protection under
10  this Order must take care to limit any such designation to specific material that
11  qualifies under the appropriate standards.  The Designating Party must designate for
12  protection only those parts of material, documents, items, or oral or written
13  communications that qualify so that other portions of the material, documents,
14  items, or communications for which protection is not warranted are not swept
15  unjustifiably within the ambit of this Order.

16          Mass, indiscriminate, or routinized designations are prohibited.  Designations
17  that are shown to be clearly unjustified or that have been made for an improper
18  purpose (e.g., to unnecessarily encumber the case development process or to
19  impose unnecessary expenses and burdens on other parties) may expose the
20  Designating Party to sanctions.

21          If it comes to a Designating Party's attention that information or items that it
22  designated for protection do not qualify for protection, that Designating Party must
23  promptly notify all other Parties that it is withdrawing the inapplicable designation.

24          5.2.   Manner and Timing of Designations.  Except as otherwise provided in
25  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
27  under this Order must be clearly so designated before the material is disclosed or
28  produced.

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:13-cv-06853-DDP-PJW

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s).

5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

1  DISPOSITION).

2      Protected Material must be stored and maintained by a Receiving Party at a

3  location and in a secure manner that ensures that access is limited to the persons

4  authorized under this Order.

5      7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

6  otherwise ordered by the court or permitted in writing by the Designating Party,

7  a Receiving Party may disclose any information or item designated

8  "CONFIDENTIAL" only to:

9          (a)    the Receiving Party's Outside Counsel of Record in this Action,

10  as well as employees of said Outside Counsel of Record to whom it is reasonably

11  necessary to disclose the information for this Action;

12          (b)    the officers, directors, and employees (including House

13  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

14  Action;

15          (c)    Experts (as defined in this Order) of the Receiving Party to

16  whom disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18          (d)    the court and its personnel;

19          (e)    court reporters and their staff;

20          (f)    professional jury or trial consultants, mock jurors, and

21  Professional Vendors to whom disclosure is reasonably necessary for this Action

22  and who have signed the "Acknowledgment and Agreement to Be Bound"

23  (Exhibit A);

24          (g)    the author or recipient of a document containing the information

25  or a custodian or other person who otherwise possessed or knew the information;

26          (h)    during their depositions, witnesses, and attorneys for witnesses,

27  in the Action to whom disclosure is reasonably necessary provided:  (1) the

28  deposing party requests that the witness sign the form attached as Exhibit A hereto;

- 8 -

1   and (2) they will not be permitted to keep any confidential information unless they

2   sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

3   otherwise agreed by the Designating Party or ordered by the court.  Pages of

4   transcribed deposition testimony or exhibits to depositions that reveal Protected

5   Material may be separately bound by the court reporter and may not be disclosed to

6   anyone except as permitted under this Stipulated Protective Order; and

7          (i)     any mediator or settlement officer, and their supporting

8   personnel, mutually agreed upon by any of the parties engaged in settlement

9   discussions.

10  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

11  IN OTHER LITIGATION

12         If a Party is served with a subpoena or a court order issued in other litigation

13  that compels disclosure of any information or items designated in this Action as

14  "CONFIDENTIAL," that Party must:

15         (a)    promptly notify in writing the Designating Party.  Such

16  notification shall include a copy of the subpoena or court order;

17         (b)    promptly notify in writing the party who caused the subpoena or

18  order to issue in the other litigation that some or all of the material covered by the

19  subpoena or order is subject to this Protective Order.  Such notification shall

20  include a copy of this Stipulated Protective Order; and

21         (c)    cooperate with respect to all reasonable procedures sought to be

22  pursued by the Designating Party whose Protected Material may be affected.

23         If the Designating Party timely seeks a protective order, the Party served with

24  the subpoena or court order shall not produce any information designated in this

25  Action as "CONFIDENTIAL" before a determination by the court from which the

26  subpoena or order issued, unless the Party has obtained the Designating Party's

27  permission.  The Designating Party shall bear the burden and expense of seeking

28  protection in that court of its confidential material and nothing in these provisions

- 9 -

1   should be construed as authorizing or encouraging a Receiving Party in this Action
2   to disobey a lawful directive from another court.

3   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
4   PRODUCED IN THIS LITIGATION

5              (a)    The terms of this Order are applicable to information produced
6   by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such
7   information produced by Non-Parties in connection with this litigation is protected
8   by the remedies and relief provided by this Order.  Nothing in these provisions
9   should be construed as prohibiting a Non-Party from seeking additional protections.

10             (b)    In the event that a Party is required, by a valid discovery
11  request, to produce a Non-Party's confidential information in its possession, and the
12  Party is subject to an agreement with the Non-Party not to produce the Non-Party's
13  confidential information, then the Party shall:

14             (1)    promptly notify in writing the Requesting Party and the
15  Non-Party that some or all of the information requested is subject to a
16  confidentiality agreement with a Non-Party;

17             (2)    promptly provide the Non-Party with a copy of the
18  Stipulated Protective Order in this Action, the relevant discovery request(s), and a
19  reasonably specific description of the information requested; and

20             (3)    make the information requested available for inspection
21  by the Non-Party, if requested.

22             (c)    If the Non-Party fails to seek a protective order from this court
23  within 14 days of receiving the notice and accompanying information, the Party
24  may produce the Non-Party's confidential information responsive to the discovery
25  request, but only to the extent permissible under applicable agreements between the
26  Party  and the Non-Party and subject to the protections in this Order .  If the Non-
27  Party timely seeks a protective order or otherwise exercises its contractual right to
28  preclude production pursuant to agreement pre-existing applicable agreement, the

Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.   MISCELLANEOUS

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

1    any ground to use in evidence of any of the material covered by this Protective

2    Order.

3         12.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

4    Protected Material must comply with Civil Local Rule 79-5.  Protected Material

5    may only be filed under seal pursuant to a court order authorizing the sealing of the

6    specific Protected Material at issue.  If a Party's request to file Protected Material

7    under seal is denied by the court, then the Receiving Party may file the information

8    in the public record unless otherwise instructed by the court.

9    13.     FINAL DISPOSITION

10         After the final disposition of this Action, as defined in paragraph 4, within

11    60 days of a written request by the Designating Party, each Receiving Party must

12    return all Protected Material to the Producing Party or destroy such material.  As

13    used in this subdivision, "all Protected Material" includes all copies, abstracts,

14    compilations, summaries, and any other format reproducing or capturing any of the

15    Protected Material.  Whether the Protected Material is returned or destroyed, the

16    Receiving Party must submit a written certification to the Producing Party (and, if

17    not the same person or entity, to the Designating Party) by the 60 day deadline that

18    (1) identifies (by category, where appropriate) all the Protected Material that was

19    returned or destroyed and (2) affirms that the Receiving Party has not retained any

20    copies, abstracts, compilations, summaries or any other format reproducing or

21    capturing any of the Protected Material.  Notwithstanding this provision, Counsel

22    are entitled to retain an archival copy of all pleadings, motion papers, trial,

23    deposition, and hearing transcripts, legal memoranda, correspondence, deposition

24    and trial exhibits, expert reports, attorney work product, and consultant and expert

25    work product, even if such materials contain Protected Material.  Any such archival

26    copies that contain or constitute Protected Material remain subject to this Protective

27    Order as set forth in Section 4 (DURATION).

28    14.     Any violation of this Order may be punished by any and all appropriate

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:13-cv-06853-DDP-PJW

1    measures including, without limitation, contempt proceedings and/or monetary

2    sanctions.

3            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4                            Respectfully submitted,

5

6    By: __/s/ Gregory H. D. Alumit *(with consent)*
         VINCENT D. HOWARD (S.B. #232478)
7        vhoward@howardlawpc.com
         GREGORY H. D. ALUMIT (S.B. #257124)
8        galumit@howardlawpc.com
         HOWARD LAW, PC
9        675 Anton Blvd., First Floor
         Costa Mesa, CA  92626
10       Telephone:     (800) 872-5925
11       Facsimile:     (888) 533-7310

12       DAVID M. ARBOGAST (S.B. #167571)
13       david@arbogastlawpc.com
         ARBOGAST LAW
14       A Professional Corporation
         8117 West Manchester Avenue, Suite 530
15       Playa del Rey, CA  90293
         Telephone:     (310) 477-7200
16       Facsimile:     (310) 943-0416

17       *Attorneys for Plaintiffs*

18
     By: __/s/ Danielle N. Oakley
19       SABRINA H. STRONG (S.B. #200292)
         sstrong@omm.com
20       ELIZABETH L. MCKEEN (S.B. #216690)
         emckeen@omm.com
21       DANIELLE N. OAKLEY (S.B. #246295)
         doakley@omm.com
22       ASHLEY M. PAVEL (S.B. #267514)
         apavel@omm.com
23       O'MELVENY & MYERS LLP
24       610 Newport Center Drive, 17th Floor
         Newport Beach, CA  92660-6429
25       Telephone:     (949) 760-9600
26       Facsimile:     (949) 823-6994

27       *Attorneys for Defendant*
28       *Ocwen Loan Servicing, LLC*

1

## **ORDER**

2        The parties having stipulated to the foregoing and good cause appearing,

3    IT IS SO ORDERED.

4

5    Dated: August 24, 2015

_____

6                                      Honorable Patrick J. Walsh
                                      United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Beck et al. v. Ocwen Loan Servicing, LLC*, Case No. 2:13-cv-06853-DDP-PJW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  Promptly upon termination of this Action, I will return any Confidential Information or Items that may come into my possession to the outside attorneys representing my employer or the attorneys who furnished those documents to me.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 15 -